IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE, #326-514
    Plaintiff           :

    v.              : CIVIL ACTION NO. CCB-09-1020

HORACE ARCHAMPONG, et al.,    :
    Defendants

## MEMORANDUM

Counsel for defendant Bray has provided documentation answering the remaining question in this case, to wit: whether plaintiff needs back surgery.[1] Document 30. A hearing is not needed to resolve the constitutional issues presented in the matter. *See* Local Rule 105.6. (D. Md. 2008). For reasons which follow, the court shall grant Bray's supplemental motion, treating it as a motion for summary judgment.

*Standard of Review*

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of

---

[1] Plaintiff has been given notice of Bray's filing and his right to file written opposition thereto within seventeen days, as required pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Document 31. Plaintiff has chosen not to respond.

1

proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In alleging a denial of his Eighth Amendment right to necessary medical care, Plaintiff must prove two essential elements. First, he must satisfy the "objective" component by illustrating a serious medical condition. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). If he proves this first element, Plaintiff must then prove the second "subjective" component of the Eighth Amendment standard by showing deliberate indifference on the part of defendants. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. at 837. Medical staff are not, however, liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844; *see also Johnson v. Quinones*, 145 F.3d at 167.

"[A]ny negligence or malpractice on the part of ....doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones* 145 F. 3d at 166. Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not

present. *Id*. at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

*Analysis*

Plaintiff claims chronic back pain as a result of injuries sustained during the August, 2006 melee involving correctional officers, and further alleges he has been promised surgery to correct problems caused by those injuries. He provides no medical documentation to support his claim. Documents 1 and 23. Defendant Bray provides a copy of a "Problem List" recorded at the time of plaintiff's transfer indicating a history of chronic back muscle pain (Document 12-4 at 1), and in his supplemental dispositive motion provides additional exhibits and affidavits which demonstrate that plaintiff's complaints of back pain have been objectively tested and evaluated by fully qualified medical personnel and do not require surgery. Document 30, Exhibits A and B. Plaintiff is provided pain relievers such as Motrin and muscle relaxants when required to relieve his discomfort. Nothing more is constitutionally required. Bray's supplemental motion, construed as a motion for summary judgment, shall be granted by way of separate order.

<u>January 13, 2010</u>            \_\_\_\_\_/s/_____
(Date)                                       Catherine C. Blake
                                             United States District Judge